James B. WHATLEY, et al.,
Plaintiffs–Appellants,

v.

RESOLUTION TRUST CORPORATION, as Receiver for Continental Savings, a Federal Savings and Loan Association, Defendant–Appellee.

No. 93–2104.

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1994.

* District Judge of the Southern District of Texas, sitting by designation.

Susan Henricks, Bradford G. Wiewel, Austin, TX, for appellants.

Mark S. Finkelstein, Shannon, Martin, Finkelstein & Sayre, P.C., James Haralson Pearson, Pearson & Assoc., Houston, TX, Jeffrey Ehrlich, RTC, Washington, DC, for appellee.

Before POLITZ, Chief Judge, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

■■■ The petition for rehearing with suggestion for rehearing en banc voices a concern which requires a response. We held and hold that in order to secure a stay of any proceedings instituted prior to the appointment of RTC as receiver, RTC must apply for the stay within 90 days of its appointment. If so timely filed, the district court must grant the requested stay to permit an opportunity to begin the administrative process. Limiting the receiver's opportunity to request the stay to the 90–day period following its appointment does not limit the receiver to a 90–day period within which to complete the administrative process. If a stay is sought and a claim filed, judicial proceedings will not continue until after the claim is determined or the claim-determination period expires.[1] Thus the receiver will not face judicial and administrative proceedings on the same claim simultaneously.

The petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc

(FRAP and Local Rule 35) the suggestion for rehearing en banc is also DENIED.

---

1. *See* 12 U.S.C. § 1821(d)(5)(A) (requiring receiver to determine whether to allow claim within 180 days after claim is filed or to seek claimant's agreement under clause (ii) to extend that 180–day determination period); *id.* § 1821(d)(6)(A) (providing that claimant may continue judicial action after disallowance or expiration of claims-determination period); *id.* § 1821(d)(13)(D) (divesting courts of jurisdiction except as otherwise provided in section 1821(d)); *see also Brady Dev. Co. v. RTC,* 14 F.3d 998 (4th Cir.1994).